IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN S. LANDSMAN,

    Plaintiff,

    v.

GUSTIN STONE SUPPLY, Inc., and
PAUL R. GUSTIN,

    Defendants.

NO. 3:07-CV-00202

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendants' motion to dismiss in part (Doc. 4) the Plaintiff's Complaint (Doc. 1-3), pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants seek to dismiss the Plaintiff's negligence and punitive damages counts. For the reasons set forth below, the Court will grant the motion.

The Court has jurisdiction over this matter pursuant to Title 28 of the United States Code, section 1332 ("diversity of citizenship").

## BACKGROUND

The facts as alleged in the Complaint (Doc. 1-3) are as follows.

Plaintiff is both a resident and an owner of real property located in New York. (Compl. ¶¶ 2,3.) Defendant, Gustin Stone Supply, Inc., is a Pennsylvania corporation with a principal place of business located in the County of Wayne. (*Id.* ¶ 4.) Defendant Paul R. Gustin is a resident of Pennsylvania, and the principal and controlling person of defendant Gustin Stone Supply, Inc. (*Id.* ¶ 5). In or about June 2002, Schaefer

Enterprises of Deposit, Inc., Schaefer Logging, Inc., Schaefer Timber & Stone, LLC, and Mr. Larry Schaefer (collectively "Schaefer") entered into an agreement with Maria Bacon, owner of real property located immediately to the west of Plaintiff's premises, concerning the removal of stone, for profit, from Bacon's property.  (*Id.* ¶ 6.)  At some point after June 2002, and before April 2005, Schaefer entered into an employment arrangement with Michael J. D'Elia concerning removal of the stone from Bacon's property.  (*Id.* ¶ 7.)  At the time of this relationship, D'Elia was a convicted felon with a well-known, bad reputation in the area.  (*Id.* ¶ 8.)

There was a free-standing stone wall–approximately 160 feet in length and four feet in height–which was co-owned by Plaintiff and Bacon, and located for many decades on the border of their respective properties.  (*Id.* ¶¶ 9-11.)  A 1971 survey of the properties shows the location of the wall on this border.  (*Id.* ¶ 17.)  On April 4, 2005, Plaintiff discovered that the stone wall had been removed by Schaefer and D'Elia; D'Elia has said that Schaefer instructed him to remove the wall.  (*Id.* ¶¶ 12-14.)  Plaintiff informed Bacon, Schaefer, Gustin, and the New York State Police of his objection to the stone wall removal.  (*Id.* ¶ 15.)  Upon investigation of the removal, Kenneth Bacon, husband of Maria Bacon, confirmed in writing that the wall should not have been taken down.  (*Id.* ¶ 16; Doc. 1-3 p. 14)

Schaefer and D'Elia sold the stone wall to Defendants Paul Gustin and Gustin Stone Supply, Inc. (collectively "Gustin").  (*Id.* ¶ 18.)  Plaintiff demanded that Defendants return the stone to the area near where it was taken, but Gustin said that the Plaintiff's stone had been mixed into tons of other stone belonging to Gustin, and therefore refused

to return Plaintiff's stone or equivalent stone.  (*Id.* ¶¶ 19-21.)

On January 19, 2007, Plaintiff filed a Complaint in the Court of Common Pleas for the County of Wayne, Pennsylvania.  (Doc. 1-3.)  The case was removed to this court pursuant to the Petition to Remove filed on February 1, 2007.  (Doc. 1.)  On February 13, 2007, Defendants filed the present motion to dismiss.  (Doc. 4.)  This motion is fully briefed and ripe for disposition.

### LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court

need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The Complaint raises causes of action for negligence (Count I), conversion (Count II), unjust enrichment (Count III), and punitive damages. The present motion to dismiss seeks only to dismiss the negligence and punitive damages counts. For the reasons stated below, the motion to dismiss will be granted.

Plaintiff claims that Gustin was negligent in purchasing the stone presented to them by D'Elia and Schaefer because they breached their duty to use due care in purchasing the stone from a financially-desperate convicted felon with alcohol and drug problems by failing to investigate the origin of the stone, and also by their failure to return

the stone to Plaintiff upon demand.  (*Id.* ¶¶ 23-27.)  To support the punitive damages claim, Plaintiff states that Defendants acted with reckless, wanton, and/or willful disregard for his rights, and as a result of the alleged negligence, he was damaged.  (*Id.* ¶¶ 28, 30, 31.)

**A.     Negligence - Failure to Investigate**

Count I of Plaintiff's Complaint raises a negligence claim against Defendants for their failure to investigate the origin and proper ownership of the stones before purchasing them from D'Elia, due to his well-known reputation as a financially desperate alcoholic and drug user.  For the reasons stated below, Defendants' motion to dismiss will be granted as to this count.

It has long been held in this Commonwealth that to succeed on a negligence theory, four elements must be present: (1) a duty recognized by law requiring the actor to conform to a certain standard of conduct; (2) failure by the actor to observe this standard; (3) causation between the conduct and injury; and (4) actual damages.  *Tomko v. Marks*, 602 A.2d 890, 892 (Pa. Super. Ct. 1992) *(citing Casey v. Geiger*, 499 A.2d 606, 612 (Pa. Super. Ct. 1985)).

In this case, accepting as true all of the facts alleged in the Complaint and drawing all reasonable inferences in the Plaintiff's favor, Plaintiff has not properly raised a cause of action for negligence against the Defendants.  The Complaint alleges that Defendants had a duty to inquire into the origin of the stones due to D'Elia's well-known, bad reputation in the area.  However, the Plaintiff does not cite–nor does the Court's research reveal–any duty existing under Pennsylvania law on a buyer of goods to make an

investigation or inquiry regarding the ownership of goods being purchased, in any factual scenario similar to the present one.  There is no allegation that Defendants were aware of Mr. D'Elia's reputation as a bad man.  Moreover, there is no allegation that Mr. D'Elia had a reputation for dishonesty or as a thief.  Therefore, the Complaint does not contain allegations of either of the first two elements of a cause of action in negligence.  Consequently, Defendants' motion to dismiss will be granted as to Count I.

**B.    Punitive Damages**

Plaintiff's Complaint also seeks punitive damages against Defendants in the amount of $500,000.  For the reasons stated below, the motion to dismiss will be granted as to the punitive damages claim.

Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous because of the defendant's evil motive or his reckless indifference to the rights of others."  *Feld v. Merriam*, 506 Pa. 383, 395 (1984).  "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct."  *Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 121 (2005).  In determining whether punitive damages are warranted in a particular case, "[t]he state of mind of the actor is vital.  The act, or the failure to act, must be intentional, reckless or malicious."  *Id.* at 122.  An appreciation of the risk is a necessary element of the mental state required for the imposition of punitive damages.  *Id.* at 123.  As such, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed.  *Phillips v. Cricket Lighters*, 584 Pa. 179, 189 (2005).  However,

6

notwithstanding this heightened standard, punitive damages may be awarded based on a cause of action sounding in negligence if the plaintiff is able to show that "the defendant's conduct not only was negligent but that the conduct was also outrageous." *Hutchison*, 582 Pa. at 125.  Accordingly, under Pennsylvania law, a punitive damage claim must be supported by evidence sufficient to establish that (1) the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk.  *Id*.

     All of Plaintiff's factual allegations, when viewed in the light most favorable to him, suggest that Defendants were negligent, or at most grossly negligent, in failing to investigate the lawful ownership of the stones before purchasing them from D'Elia.  Indeed, Count I of Plaintiff's Complaint is entitled "Property Damage - Negligence."  Plaintiff alleges only that Defendants had a duty to inquire into the origin of the stones because D'Elia was "well-known in the area".  (Compl. ¶¶ 8, 18.)  Furthermore, while Plaintiff alleges that people in the area may have known of the bad reputation of the seller in question, Plaintiff does not allege that Defendants had any specific knowledge about D'Elia's character or alleged history.  Defendants in this case merely purchased stone from D'Elia and Schaefer without investigating whether sellers' claim to the stone was lawful.

     Accepting as true all of the facts alleged in the Complaint and drawing all reasonable inferences in the Plaintiff's favor, Plaintiff has not alleged facts suggesting that Defendants' acts were so outrageous as to demonstrate willful, wanton, or reckless conduct, or that Defendants acted in conscious disregard of a subjective appreciation of

the alleged harm to Plaintiff. Therefore, the Court will grant Defendants' motion to dismiss as to Plaintiff's punitive damages claim.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to dismiss in part (Doc. 4) will be granted. Count I (Negligence) and the claim for punitive damages will be dismissed. An appropriate order follows.


July   17  , 2007                              /s/ A. Richard Caputo
                                               A. Richard Caputo
                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN S. LANDSMAN<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>GUSTIN STONE SUPPLY, Inc., and<br>PAUL R. GUSTIN,<br><br>　　Defendants. | NO. 3:07-CV-00202<br><br>(JUDGE CAPUTO) |

### ORDER

**NOW**, this ___17th___ day of July, 2007, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss in part (Doc. 4) is **GRANTED**. Count I (Negligence) and the claim for punitive damages are hereby **DISMISSED**.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge